1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD REINS and KATHY REINS,
                                              No. CIV S-09-1668 JAM EFB
11                Plaintiffs,

12          vs.

13   BRYANT, LAFAYETTE & ASSOCIATES,
                                              FINDINGS AND RECOMMENDATIONS
14                Defendant.
     _____/
15

16          This case was referred to the undersigned pursuant to Eastern District of California Local

17   Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiffs' motion for entry of default

18   judgment against defendant Bryant, Lafayette & Associates.  On January 20, 2010, a hearing on

19   the motion was held.  Attorney Nicholas Bontrager appeared telephonically on behalf of

20   plaintiffs; no appearance was made on behalf of defendant.  For the reasons that follow, and as

21   stated on the record at the hearing, the court recommends that plaintiffs' application for entry of

22   default judgment be granted.

23   I.     BACKGROUND

24          On June 17, 2009, plaintiffs filed a verified complaint against defendant Bryant,

25   Lafayette & Associates for violations of the Fair Debt Collection Practices Act, 15 U.S.C.

26   §§ 1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California

                                              1

1   Civil Code §§ 1788 *et seq.* ("RFDCPA").  This court has jurisdiction over plaintiffs' claims

2   pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367.  *See* 15 U.S.C. § 1692k(d) ("An action

3   to enforce any liability created by this subchapter may be brought in any appropriate United

4   States district court without regard to the amount in controversy, or in any other court of

5   competent jurisdiction, within one year from the date on which the violation occurs.").

6       Plaintiffs allege that they are consumers and defendant is a debt collector as those terms

7   are defined in the FDCPA and RFDCPA, and that defendant sought to collect a consumer debt

8   from plaintiffs.  Dckt. No. 1, Compl. ¶¶ 8-9.  Plaintiffs allege that defendant's agents and/or

9   employees called them seeking and demanding payment for an alleged debt and falsely claiming

10  that they were attorneys; repeatedly threatened plaintiffs with legal action and falsely informed

11  plaintiffs that they were going to initiate legal proceedings against plaintiffs; falsely informed

12  plaintiffs that plaintiffs had committed crimes by telling them that their failure to pay was a

13  "federal offense" and a "felony"; failed to inform plaintiffs that defendant is a debt collector; and

14  failed to provide plaintiffs with written correspondence informing them of their rights to dispute

15  and/or seek validation of the alleged debt.  Compl. ¶¶ 12-17.  Plaintiffs contend that they have

16  suffered emotional distress as a direct and proximate result of one or more or all of defendant's

17  violations of the FDCPA and/or RFDCPA.  Compl. ¶¶ 19, 27.  Their complaint seeks declaratory

18  relief, damages, and attorney fees and costs.  Compl. ¶¶ 28-32.

19      Plaintiffs' complaint and summons were personally served on defendant on August 4,

20  2009.  Dckt. No. 7.  Because defendant failed to answer or otherwise respond to the complaint,

21  on September 9, 2009, plaintiffs requested entry of default against defendant.  Dckt. No. 8.  The

22  Clerk of this Court entered defendant's default on September 10, 2009.  Dckt. No. 9.

23  ////

24  ////

25  ////

26  ////

Plaintiffs now seek default judgment against defendant pursuant to Federal Rule of Civil Procedure 55(b).[1] Their motion for default judgment, which was mailed served on defendant, seeks default judgment against defendant "in the amount of five thousand one hundred and twenty-three dollars and eighty cents ($5,123.80), representing statutory damages in the amount of two thousand dollars ($2,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), Cal. Civ. Code § 1788.30(b), two thousand seven hundred seventy-three dollars and eighty cents ($2,773.80) in attorney fees plus three hundred and fifty dollars ($350.00) in costs (filing fee). 15 U.S.C. § 1692(k)(a)(3), Cal. Civ. Code § 1788.30(c)." Dckt. No. 13 at 2.

II.   DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v.*

---

[1]   Although plaintiffs contend they are entitled to entry of default judgment by the Clerk pursuant to Federal Rule of Civil Procedure 55(b)(1), Dckt. No. 13 at 2, because plaintiffs have asked for attorney fees pursuant to 15 U.S.C. § 1692k(a) and California Civil Code section 1788.30(c), which only authorize an award of "reasonable" attorney fees, the requested default judgment will be entered by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2). *See Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984).

3

*Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The FDCPA prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Included among the conduct prohibited by § 1692d is "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  *Id.* § 1692d(5).  The FDCPA also prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  *Id.* § 1692e.  Included among the conduct prohibited by § 1692e is:

> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (4) The representation or implication that nonpayment of any debt will result in the arrest or  imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> \*\*\*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

1   Additionally, § 1692g(a) provides that "[w]ithin five days after the initial communication with a

2   consumer in connection with the collection of any debt, a debt collector shall, unless the

3   following information is contained in the initial communication or the consumer has paid the

4   debt, send the consumer a written notice . . . ." *Id.* § 1692g(a).

5       The RFDCPA provides that "[n]o debt collector shall collect or attempt to collect a

6   consumer debt by means of the following conduct: . . . (e) The threat to any person that

7   nonpayment of the consumer debt may result in the arrest of the debtor or the seizure,

8   garnishment, attachment or sale of any property or the garnishment or attachment of wages of

9   the debtor, unless such action is in fact contemplated by the debt collector and permitted by the

10  law." Cal. Civ. Code § 1788.10(e).  The statute also prohibits debt collectors from "[c]ausing a

11  telephone to ring repeatedly or continuously to annoy the person called"; "[c]ommunicating, by

12  telephone or in person, with the debtor with such frequency as to be unreasonable and to

13  constitute an harassment to the debtor under the circumstances"; making a "false representation

14  that any person is an attorney or counselor at law"; and making a "false representation that a

15  legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt

16  is made." *Id.* § 1788.11(d), (e); § 1788.13(b), (j).  Finally, the RFDCPA requires debt collectors

17  to comply with the FDCPA.  *Id.* § 1788.17.

18      Here, plaintiffs specifically allege that defendant violated § 1692d of the FDCPA by

19  engaging in conduct of which the natural consequence was the abuse and harassment of

20  plaintiffs; violated § 1692d(5) of the FDCPA by placing constant and continuous collection calls

21  to plaintiffs with the intent to abuse, harass and annoy them; violated § 1692e of the FDCPA by

22  using false and deceptive practices in its attempt to collect an alleged debt; violated § 1692e(3)

23  of the FDCPA by falsely representing that defendant's agents are attorneys; violated § 1692e(4)

24  of the FDCPA by falsely representing that nonpayment of the alleged debt will result in

25  plaintiffs' imprisonment; violated § 1692e(5) of the FDCPA by falsely threatening to have

26  plaintiffs imprisoned even though defendant had not and did not intend to take such action;

violated  § 1692e(10) of the FDCPA by making false representations and using deceptive means to collect upon the alleged debt owed; violated § 1692e(11) of the FDCPA by failing to inform plaintiffs in each subsequent communication that defendant is a debt collector; and violated § 1692g(a) of the FDCPA by failing to provide plaintiffs with written notice of their right to dispute the alleged debt and/or seek validation within five (5) days of the initial communication. Compl. ¶ 18.

Plaintiffs further allege that defendant violated § 1788.10(e) of the RFDCPA by threatening that nonpayment of the alleged debt would result in plaintiffs' imprisonment; violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously with the intent to annoy plaintiffs; violated § 1788.11(e) of the RFDCPA by communicating with plaintiffs at such an unreasonable frequency as to constitute harassment; violated § 1788.13(b) of the RFDCPA by falsely representing that its agents are attorneys; violated § 1788.13(j) of the RFDCPA by falsely representing that legal proceedings had been or were about to be instituted unless plaintiffs paid the alleged consumer debt; and violated § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. §§ 1692 *et seq*.  Compl. ¶ 26.

Because plaintiffs' allegations are taken as true on default, the court finds that plaintiffs have made out several *prima facie* FDCPA and RFDCPA claims.  Additionally, the court finds that the majority of the *Eitel* factors weigh in favor of granting default judgment to plaintiffs on those claims.  *See Basinger-Lopez v. Tracy Paul & Assoc.*, 2009 WL 1948832, at *2-4 (N.D. Cal. July 6, 2009); *Myers v. LHR, Inc.*, 543 F. Supp. 2d 1215, 1217-18 (S.D. Cal. 2008).

Plaintiffs do not seek actual damages, but request the maximum amount of statutory damages, $350.00 in costs, and $2,773.80 in attorney's fees.  The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an

6

1   individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and

2   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action,

3   together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a).

4   Additionally, any debt collector who violates the RFDCPA "with respect to any debtor shall be

5   liable to that debtor . . . in an amount equal to the sum of any actual damages sustained by the

6   debtor as a result of the violation."  Cal. Civ. Code § 1788.30(a).  Further, "[a]ny debt collector

7   who willfully and knowingly violates [the RFDCPA] with respect to any debtor shall, in addition

8   to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor

9   . . . for a penalty in such amount as the court may allow, which shall not be less than one

10  hundred dollars ($100) nor greater than one thousand dollars ($1,000)."  *Id.* § 1788.30(b).  In any

11  action brought under RFDCPA, "the prevailing party shall be entitled to costs of the action" and

12  a prevailing debtor shall be entitled to "[r]easonable attorney's fees, which shall be based on

13  time necessarily expended to enforce the liability."  *Id.* § 1788.30(c).

14      In light of defendant's multiple violations of both the FDCPA and RFDCPA, the

15  undersigned finds that plaintiffs should be entitled to recover the maximum amount of statutory

16  damages, which is $2000.00.  *Basinger-Lopez*, 2009 WL 1948832, at *5 (citing 15 U.S.C.

17  § 1692k(b)(1)) ("When considering the amount of statutory damages to award, a court may

18  consider the nature of a defendant's noncompliance, as well as the frequency of its acts and

19  whether the noncompliance was intentional.").  The court also finds that plaintiffs should be

20  entitled to recover their $350.00 in costs pursuant to 15 U.S.C. § 1692k(a) and California Civil

21  Code section 1788.30(c).

22      Finally, the undersigned finds that plaintiffs are entitled to recover their reasonable

23  attorney's fees.  Given the facts presented, the amount of hours expended (11.3) and the billable

24  rates used ($394/hour and $250/hour for the two attorneys who worked on the case and

25  $150/hour for the clerk/paralegal) are reasonable, particularly in light of plaintiffs' successful

26  prosecution of this case.  *See* Dckt. No 13 at 3-9; *Basinger-Lopez*, 2009 WL 1948832, at *5.

1    Therefore, the undersigned will recommend that plaintiffs be entitled to $2,773.80 in attorney's

2    fees.  *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001) (In an FDCPA case, a

3    "district court must calculate awards for attorney's fees using the 'lodestar' method"); *Camacho*

4    *v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The 'lodestar' is calculated by

5    multiplying the number of hours the prevailing party reasonably expended on the litigation by a

6    reasonable hourly rate.").

7    III.    <u>CONCLUSION</u>

8           In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

9           1.  Plaintiffs' motion for default judgment, Dckt. No. 13, be GRANTED;

10          2.  Plaintiffs be awarded $2000.00 in statutory damages; $350.00 in costs; and $2,773.80

11   in attorney's fees;

12          3.  The Clerk be directed to close this case.

13          These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15   after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

18   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

19   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20   DATED:  January 28, 2010.

21

22                                          EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

8